No. 2115.
Second Circuit Appeal.

MRS. BEN F. LIVELY v. TAYLOR NASH MOTOR CO.

---

(November 13, 1924, Opinion and Decree.)

---

(*Syllabus by the Editor*)

1. **Louisiana Digest, Automobiles—Par. 4.**
Where an auto is driven at excessive rate of speed on a highway and thereby frightens horses attached to a buggy the auto driver and his employer are negligent and responsible for the damages caused by the frightened horses (Civil Code, Art. 2315. Editor's note.)

2. **Louisiana Digest—Evidence—Par. 348.**
Testimony received without objection will be considered even though it changes the issues or adds new ones.

Appeal from the Parish of Caldwell, Hon. Jones, Judge.

This is a damage suit for personal injuries.

There was judgment for plaintiff and defendant appealed.

Judgment affirmed.

PORTER, J. The plaintiff was being driven by her son in a two-horse buggy along the Columbia-Monroe highway, when two of defendant's employees, each driving an automobile and in the course of their employment, passed her and frightened the animals hitched to her buggy, causing them to run off of the embankment, or dump, as a result of which the large, or mainbone, in her left (fore) arm was fractured and other injuries were inflicted upon her.

The petition charges that the said automobiles were being operated at an excessive and illegal rate of speed, and that defendant's said employees were guilty of gross negligence, carelessness, disregard of law and want of skill.

The defense is a general denial. There was judgment for the plaintiff in the sum of $800.00, and defendant appealed.

The district judge, in a written opinion, found from the evidence substantially the following facts:

That at the time of the accident the plaintiff, with her son, was traveling north on the right side of the road, and that defendant's employees, Hollis and McLain, came up behind the plaintiff's buggy, at "great speed"; that the first car passed within about three feet of the buggy, and the second one, which was just behind the

first, apparently tried to pass the leading car, which threw the last car so close to the team that it struck the breast yoke of the buggy, and so frightened the team that they jumped over the embankment and turned the buggy over.

The statement that the buggy was turned over is not borne out by the testimony—it did not turn over, but as the front wheels struck the bottom of the ditch or embankment, the plaintiff was thrown forward against the dashboard and was injured.

The district judge, after discussing at some length the testimony, concludes as follows:

"The preponderance of evidence clearly shows that the defendants' cars were being driven along this highway at an excessive rate of speed. It was endeavored by the defendant to show that plaintiff's team was naturally frightened by any automobile, but this failed; the evidence showing that this team had been accustomed to passing automobiles and not being frightened at all. Again, immediately after the two cars passed they stopped and the drivers went back to see what was the trouble. If these two men had not driven their cars very close to plaintiff's team, when they were driving as fast as they were, they naturally would not have noticed a disturbance. They going at such a high rate of speed and seeing this accident shows that they must have been very close to the team to have noticed it, and by preponderance of evidence it is clear that the team became frightened by the cars on account of their close proximity. The speed at which the cars were being driven and the proximity of the same to the team shows negligence on the part of the drivers and therefore the defendant is liable.

"The plaintiff is an elderly lady, about seventy years of age. The thumb on one hand was dislocated, the bone in one arm was broken, she received severe injury to her back and she was unable to do any work for a long time. She had been accustomed, prior to the accident, of doing all her household work and the milking, but since this accident she has not been able to accomplish this. She suffers at this date

a great deal from her back. She never had any severe pains in her back until she received these injuries in this accident. Taking into consideration her age and the injuries and suffering the court is of the opinion that she is entitled to compensation in the sum of Eight Hundred Dollars. See decree."

There is the sharpest conflict in the testimony of the two sets of witnesses. If those who testified for the plaintiff are to be believed the case is clearly made out. If we give credit to defendants' witnesses it is not made out. The trial judge who saw, and heard all of the witnesses, and who probably knew, all or some of them, believed those for the plaintiff and disbelieved those for the defendant. It is primarily the duty of the trial court to weigh the testimony and, in cases where all of it cannot be reconciled, to reject that which he does not believe.

And appellate courts are never warranted in disturbing his conclusions on the facts except in cases of manifest error.

A careful study of the note of evidence has not convinced us that such an error exists here.

The most serious point urged by counsel for the defendant is the following:

The latter part of Article 2 of the petition, referring to the automobiles as owned by the defendant, and operated at the time by its employees, acting in the scope of their employment, alleges that they "approached your petitioner at an illegal and excessive rate of speed from the north; that said automobiles seemed to be racing with each other and were driven and operated as if they were going to collide head on with petitioner's team, but suddenly swerving to the right barely escaped striking the horses of petitioner and so badly frightened them that they became uncontrollable and plunged down the embank-

ment or dump of said road, despite the efforts of petitioner's son to prevent them."

This is the only part of the petition which sets out the cause of the accident.

Now, the contention of counsel for the defendant is that the above allegations assign as the cause of the accident the fright of the team because of the passing of the car, and that they do not authorize testimony that the car struck the breast yoke, or any other part of the harness or of the buggy, and hence, that the district judge committed error in considering any testimony to that effect.

It is true that these allegations do not affirmatively show that the fright of the horses resulted from the striking of any part of the harness, and we may concede that no fair inference to that effect follows, and yet the authorities cited in support of the proposition that testimony contrary to the allegations or beyond them ought not to be considered, are not applicable here.

The chief witness for the plaintiff, her son, testified at length, on direct and cross-examination, that one of the machines struck the breast yoke and the single tree, and the plaintiff herself corroborated him, and later on in her testimony the first objection to such evidence was registered and overruled.

The doctrine is equally as well settled that such testimony received without objection will be considered even though it changes the issues or adds new ones. See cases cited under Section 348, page 260, La. Digest, Vol. 3.

Besides, if the two cars ran by this team, on a rather high embankment, at a rapid, if not reckless speed, that, in itself, would constitute negligence, even if no part of the vehicle or harness was struck.

And really this appears to have been the ground upon which the learned district judge based his judgment.

The amount awarded plaintiff, while somewhat liberal, does not appear to be excessive and the judgment is affirmed.

ODOM, Judge, takes no part, not having been a member of the court when the case was submitted.